IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ROCHELLE COLEMAN,

        Plaintiff,

  v.

LOUIS DETTER, *et al.*,

        Defendants.

Civil Action No.
5:16-CV-0834 (MAD/DEP)

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

ROCHELLE COLEMAN, *Pro Se*
231 Lilac Street
Syracuse, NY 13208

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

    *Pro se* plaintiff Rochelle Coleman has filed as one action three civil rights complaints against four attorneys, one of whom is apparently employed by the Onondaga County Department of Social Services and the

other three who appear to be private practitioners.[1] *See* Dkt. Nos. 1, 1-1, and 1-2. Each of the separate complaints is purportedly brought pursuant to a different civil rights statute; including (1) 42 U.S.C. § 1983 ("section 1983") (Dkt. No. 1); (2) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.* (Dkt. No. 1-1); and (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Dkt. No. 1-2). Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP") and two motions for appointment of counsel. Dkt. Nos. 2, 3, 5.

Plaintiff's complaint and accompanying IFP application and motions for appointment of counsel have been forwarded to me for review. For the following reasons, I will grant plaintiff's IFP application for filing purposes, but will deny plaintiff's motions for appointment of counsel and recommend dismissal of the entire action, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[1] Although it is unclear from plaintiff's pleadings whether an individual named Louis Detter is an attorney employed by the Onondaga County Department of Social Services, the address provided for defendant Detter is the same as the address provided for the Commissioner of the Department of Social Services in a related matter. *Compare* Dkt. No. 1 at 1 *with Coleman v. Engle*, No. 5:16-cv-833 (MAD/DEP), Dkt. No. 1 at 1. Based on this, and the allegations pertaining to defendant Detter, the court assumes in this report that defendant Detter was, at all times relevant to this action, an attorney employed at the Onondaga County Department of Social Services. Based on the nature of the allegations made against the other three defendants, the court believes these defendants to be private practitioners. *See, e.g.*, Dkt. No. 1 at 3. To the extent defendant Detter is an attorney in private practice, the claims against him would be subject to the same analysis as the claims asserted against his co-defendants.

I.  BACKGROUND

Plaintiff commenced this action on July 8, 2016. Dkt. No. 1.[2] Accompanying her complaint was an application for leave to proceed IFP. Dkt. No. 2.

Each of plaintiff's complaints relates to defendants' alleged role in a court proceeding that resulted in the removal of plaintiff's children from her custody. *See generally* Dkt. Nos. 1, 1-1, and 1-2. In her section 1983 complaint, plaintiff alleges that she "did not have a fair trial," that "the entire case was started in retaliation and fueled by corruption," and that her rights were violated by defendants when they took actions that resulted in the removal of her children from her custody "because [she] would not sign their unread paperwork." Dkt. No. 1 at 4. Plaintiff asserts three causes of action based on these allegations, which the court construes with the utmost liberality as claims for violation of due process rights, unlawful seizure,

---

[2] On the same date, plaintiff commenced four other actions, all by way of multiple complaints and filed with accompanying requests to proceed *in forma pauperis*. *See Coleman v. Engle*, No. 5:16-cv-833 (MAD/DEP) (challenging the handling of her family's public assistance benefits, including charges of errors, fraud, and theft of benefits by Onondaga County Social Services workers); *Coleman v. Syracuse Police Dep't*, No. 5:16-cv-836 (LEK/TWD) (suing police department and 911 call operators for handling of complaints made by plaintiff); *Coleman v. Sutkowsky*, No. 5:16-cv- 837 (MAD/DEP) (claim that defendants have ignored her welfare fraud complaints against Onondaga County Social Services workers); and *Coleman v. Olinsky*, No. 5:16-cv-838 (MAD/DEP) (lawsuit against plaintiff's attorneys claiming that benefits were unlawfully taken, overcharging on fees, and benefits wrongfully unreported). In addition, plaintiff commenced two prior lawsuits, also involving multiple complaints, on June 22, 2016. *See Coleman v. Levandowski*, No. 5:16-cv-734 (NAM/ATB) (claims against social workers involved in child protective proceeding involving Plaintiff and her children); and *Coleman v. Hanuszczak*, No. 5:16-cv-735 (NAM/ATB) (suit against Family Court Judge in child protective proceeding).

3

retaliation, and conspiracy to deprive her of constitutional rights. *Id.* As relief, plaintiff seeks disbarment of each defendant from the practice of law and an award of damages in the sum of three million dollars. *Id.* at 5.

In her Title VII complaint, plaintiff asserts a claim for employment discrimination on the basis of her race, national origin, income, and education. Dkt. No. 1-1 at 3. In support of this claim, plaintiff alleges, *inter alia*, that defendants "threaten[ed] [her] with arrest and taking [her] kids making false statements and violating [her] kids and [her] [constitutional] rights." *Id.* Plaintiff further claims that each defendant played an unlawful role in the removal of her children from her custody, either through providing false statements, making threats, or failing to properly represent her interests. *Id.* at 4. As relief in connection with this claim, plaintiff also seeks disbarment of each defendant from the practice of law and damages in the amount of three million dollars. *Id.* at 6.

In her ADA complaint, plaintiff lists her disabilities as including PTSD, depression, anxiety, arthritis, brain surgery, and migraines. Dkt. No. 1-2 at 3. Plaintiff alleges that Louis Detter, an attorney and defendant in this case, "name called very animated, made false statements and use[d] intimidating tactics and . . . was very dishonest with [his] presentation of facts and tried to make taking [her] kids the main attraction." *Id.* at 4. She alleges that Arlene Bradshaw, an attorney and defendant in this case, "failed to even try to be a lawyer[,] never met with [Coleman's] kids or [Coleman] or even [her]

4

lawyer[, and] used threats and stood up for [Coleman's] kids being in foster care that is not in their best interest." *Id.* Plaintiff does not make any allegations regarding Christine Cook or Lisa Blitman, both of whom appear to be attorneys and the remaining defendants in this case. *See generally,* Dkt. No. 1-2. In her ADA complaint, plaintiff also seeks three million dollars as relief. *Id.* at 5.

II. DISCUSSION

    A. Application to Proceed *In Forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it is determined that she is unable to pay the required filing fee.[3] 28 U.S.C. § 1915(a)(1). In this instance, having reviewed plaintiff's IFP application, which includes a statement from plaintiff that she is unable to pay the filing fee and a summary of her assets, I conclude that she is eligible for IFP status. *See* 28 U.S.C. § 1915(a)(1); *see also Coleman v. Syracuse Police Department*, 16-cv-0836, Dkt. No. 5 (N.D.N.Y. July 22, 2016) (Dancks, M.J.) (granting this plaintiff's application to proceed *in forma*

---

[3] The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

5

*pauperis*); *Coleman v. Levandowski*, 16-cv-0734, Dkt. No. 5 (N.D.N.Y. June 28, 2016) (Baxter, M.J.) (same). Her application for leave to proceed *in forma pauperis* is therefore granted.

    B.    Sufficiency of Plaintiff's Claims

        1.    Standard of Review

Having granted plaintiff's request for leave to proceed *in forma pauperis,* I must now review the sufficiency of the allegations set forth in her complaints to determine whether dismissal *sua sponte* is warranted, pursuant to 28 U.S.C. § 1915(e)(2)(B). That section directs that when a plaintiff seeks to proceed *in forma pauperis*, the court

> shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir.

6

1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff to proceed.[4] *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.'" *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16

---

[4] "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

(N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D. D.C. 1977)) (italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Claims

#### a. Section 1983

Plaintiff's section 1983 claims are asserted against an attorney who apparently works for the Onondaga County Department of Social Services, and three attorneys in private practice. Dkt. No. 1. As was noted above, plaintiff appears to be claiming that each played a role in the removal of her children from her custody, with the attorney for Onondaga County apparently arguing in favor of this outcome and the other three attorneys somehow supporting him. I have liberally construed these allegations as attempting to assert claims for retaliation, violation of due process rights, unlawful seizure, and conspiracy.[5]

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States," *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person or entity acting under

---

[5] The court has liberally construed plaintiff's complaint to include due process and unlawful seizure claims because plaintiff has raised, albeit in conclusory fashion, allegations regarding defendants' involvement in the removal of her children from her custody. *See Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("[P]arents have a fundamental, constitutionally protected liberty interest in the custody of their children."); *Yuan v. Rivera*, 48 F.Supp.2d 335, 348 (S.D.N.Y. 1999) (under the Fourth Amendment "children may not lawfully be removed from their parents' custody without probable cause").

color of state law, and (2) such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). In order to survive scrutiny under section 1915(e), plaintiff's complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See, e.g., Giannini vs. Pearson*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y.), *appeal dismissed*, (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where the plaintiff failed to allege state action on part of defendants).

In this case, plaintiff has failed to plead (and could not plead under any circumstances) the requisite state action to support a claim under section 1983 against the three attorneys who are private practitioners. While defendant Detter may have been acting under color of state law regarding the relevant issues, based on his alleged involvement in the proceeding that resulted in the removal of plaintiff's children from her custody, those claims are barred under the doctrine of prosecutorial

immunity. *See Walden v. Wishengrad*, 745 F.2d 149, 152 (2d Cir. 1984) (holding that attorney who initiated and prosecuted child protective orders on behalf of a county department of social services was entitled to absolute prosecutorial immunity).

Plaintiff's claims in this action against all of the defendants are separately barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the *Rooker-Feldman* doctrine, a federal court has no subject matter jurisdiction over a case that seeks to reverse or modify a state court decision, or a case in which the federal claims are 'inextricably intertwined' with the merits of the state court's judgment." *Velez v. Reynolds*, 325 F.Supp.2d 293, 305 (S.D.N.Y. 2004) (citing *Phifer v. City of New York*, 289 F.3d 49, 55–56 (2d Cir. 2002); *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996); *Harp v. City of New York*, 218 F.Supp.2d 495, 498 (S.D.N.Y. 2002)). "A federal claim is inextricably intertwined with a state court judgment if the 'federal district court would necessarily have to determine that the state court erred in order to find that the federal claims have merit.'" *Torres v. Family Court/Admin. for Children's Servs.*, No. 01 Civ. 4351, 2001 WL 1111510, at *2 (S.D.N.Y. Sept. 20, 2001) (quoting *Khal Charidim Kiryas Joel v. Village of Kiryas Joel*, 935 F.Supp. 450, 455 (S.D.N.Y. 1996)).

Since plaintiff's claims all relate to the removal of her children from her

custody, consideration of the merits of any of her claims would require the court to analyze whether the state court erred in its removal determination. Thus, all of plaintiff's constitutional claims are inextricably intertwined with the state court judgment.

Accordingly, and since there does not appear to be any other federal right implicated by plaintiff's allegations, I recommend that her section 1983 complaint be dismissed with prejudice against the defendants.

### b. Title VII

In bringing her Title VII complaint, plaintiff has used a form complaint for employment discrimination. Yet, plaintiff does not allege employment discrimination in this action. Rather, plaintiff has checked off sections of the form complaint to allege that the defendants discriminated against her by "making false statements" and "threatening [her] with arrest and taking [her] kids." Dkt. No. 1-1 at 3. These allegations do not state an employment discrimination claim under Title VII. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005) (reciting the elements of a Title VII claim).

In any event, a Title VII action may not be brought against individuals. *See Sassaman v. Gamache*, 566 F.3d 307, 315-16 (2d Cir. 2009) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)). In addition, Title VII requires a right-to-sue letter to be filed with the complaint showing that plaintiff exhausted her administrative remedies, *see* 42 U.S.C.

§ 2000e-5(f)(1),[6] which plaintiff has not attached to her complaint.

Accordingly, and for all of these reasons, I recommend that plaintiff's Title VII complaint be dismissed with prejudice against the defendants.

    c.    ADA

Plaintiff's ADA complaint was prepared on a form complaint in which she lists under the section that asks for a description of the claimant's "disability" a series of impairments from which she suffers. Dkt. No. 1-2 at 3. The ADA provides for protection against discrimination based upon disability. 42 U.S.C. § 12101 *et seq.* Title I of the ADA governs employment actions; Title II covers public services and programs; and Title III governs public accommodations. *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). The only section of the ADA that could conceivably apply to plaintiff's claims is Title II, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12182.

As an initial matter, plaintiff has failed to allege facts plausibly suggesting how she was discriminated against "by reason of [her] disability." Instead, plaintiff simply alleges that (1) defendant Detter made false statements to the court, (2) defendant Bradshaw supported the

---

[6]     *See also Hodge v. New York College of Podiatric Medicine*, 157 F.3d 164, 168 (2d Cir. 1998) (stating that "Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit in court").

placement of plaintiff's children in foster care, and (3) "they only spoke or mostly spoke on my disabilities[,] no evidence." Dkt. No. 1-2 at 4. Moreover, "[t]he ADA does not provide for individual liability." *Hodges v. Wright*, 10-cv-0531, 2011 WL 5554866, at *8 (N.D.N.Y. Sept. 29, 2011) (citing *Herzog v. McLane Northeast, Inc.*, 999 F. Supp. 274, 276 (N.D.N.Y. 1998)).

Accordingly, I recommend that plaintiff's ADA complaint be dismissed with prejudice against defendants.

    C.    <u>Motions for Appointment of Counsel</u>

Plaintiff has filed two motions for appointment of counsel. Dkt. Nos. 3, 5. Her first motion includes a statement that she contacted "Legal Aid Society" in an effort to obtain counsel. Dkt. No. 3. Her second motion contains additional representations that Legal Aid denied her a lawyer, and that she contacted "SU law clinic, and was told to call back 9/2016." Dkt. No. 5. Plaintiff also attached to her second motion letters from the Central New York Legal HelpLine and Legal Services of Central New York addressed to plaintiff several months before she commenced this action. *Id.* at 2-4.

Even if I were not recommending dismissal of plaintiff's complaint with prejudice, a more fully developed record would be necessary before an assessment can be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Therefore, plaintiff's motions for appointment of counsel

are denied without prejudice. Should the assigned district judge reject my recommendation and allow some or all of plaintiff's claims to proceed, plaintiff will not be precluded from making a subsequent motion for appointment of counsel.

    D.    <u>Opportunity to Amend</u>

While generally, when a *pro se* complaint is *sua sponte* dismissed, the court should afford the plaintiff the opportunity to amend at least once, leave to re-plead may be denied where amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Amendment is futile when the problem with plaintiff's causes of action is substantive such that a better pleading will not cure the deficiency. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

In this case, for the reasons set forth above, there exists no possible basis for plaintiff's Title VII and ADA complaints to proceed against any of the defendants, who cannot be sued individually under either statute. There also exists no possible basis for plaintiff's section 1983 claims to proceed against any of the defendants because defendants Blitman, Bradshaw, and Cook are not state actors, defendant Detter is entitled to prosecutorial immunity based on his apparent role with respect to the removal of plaintiff's children from her custody, and in event, these claims are barred by *Rooker-Feldman*. Accordingly, I recommend that plaintiff's complaints be dismissed with prejudice and without the opportunity to amend against the

15

defendants.

## III. SUMMARY AND RECOMMENDATION

A review of plaintiff's application for leave to proceed *in forma pauperis* in this action reflects that she is eligible for IFP status, which will therefore be conferred. A review of her complaints, however, reveals that they fail to state a claim upon which relief may be granted. Accordingly, it is

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED for filing purposes only; and it is further

ORDERED that plaintiff's motions for appointment of counsel (Dkt. Nos. 3, 5) are DENIED, without prejudice; and it is further respectfully

RECOMMENDED that plaintiff's complaints in this action (Dkt. No. 1; Dkt. No. 1-1; Dkt. No. 1-2) be DISMISSED without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this order and report and recommendation upon the parties in accordance with

this court's local rules.

Dated: July 29, 2016
Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge