**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ROCHELLE COLEMAN,**

        **Plaintiff,**

vs.              **5:16-cv-00834
                  (MAD/DEP)**

**LOUIS DETTER; ARLENE
BRADSHAW; LISA H. BLITMAN;
AND CHRISTINE COOK,**

        **Defendants.**

_____

**APPEARANCES:**        **OF COUNSEL:**

**ROCHELLE COLEMAN**
231 Lilac Street
Syracuse, New York 13208
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Magistrate Judge Peebles' July 29, 2016 Report, Recommendation, and Order, to which Plaintiff has not filed objections. *See* Dkt. No. 8.

### II. BACKGROUND

On July 8, 2016, Rochelle Coleman ("Plaintiff") filed three separate complaints as one action against Louis Detter, Arlene Bradshaw, Lisa H. Blitman, and Christine Cook ("Defendants"), all of whom are attorneys. The complaints were brought pursuant to three civil rights statutes, including (1) 42 U.S.C. § 1983 ("Section 1983") (*see* Dkt. No. 1); (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (*see* Dkt. No. 1-1); and (3) the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA") (*see* Dkt. No. 1-2).

Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") and two motions for appointment of counsel.  *See* Dkt. Nos. 2, 3, 5.

Magistrate Judge David E. Peebles issued a Report, Recommendation and Order on July 29, 2016, recommending that the entire action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  *See* Dkt. No. 8 at 2.  Plaintiff has not filed any objections to the Report, Recommendation and Order.

Plaintiff's complaints all relate to Defendants' involvement in the custody proceedings that resulted in Plaintiff losing custody of her children.  *See* Dkt Nos. 1, 1-1, 1-2.  Defendant Louis Detter is apparently employed by the Onondaga County Department of Social Services, and the other Defendants appear to be private practitioners.[1]  In Plaintiff's Section 1983 complaint, she alleges that Defendant Detter "violated [her] family[,] civil, human [and] disability rights because of his own personal discriminations." Dkt. No. 1 at 3.  Plaintiff similarly alleges that she "did not have a fair trial" and that the case was "fueled by corruption." *Id.* at 4.  Plaintiff seeks an award of three million dollars in damages and to have Defendants disbarred.  *See id.* at 5.  Magistrate Judge Peebles liberally construed these causes of action as claims for violation of due process rights, unlawful seizure, retaliation, and conspiracy to deprive Plaintiff of constitutional rights.  *See* Dkt. No. 8 at 3-4.

Plaintiff also purports to assert a Title VII claim for employment discrimination.  *See* Dkt. No. 1-1.  In her complaint, Plaintiff alleges that Defendants "stood up in court and said my

---

[1] As Magistrate Judge Peebles noted, Plaintiff did not identity where Defendants are employed.  *See* Dkt. No. 8 at 2.  The address given for Defendant Detter is the same address as the Onondaga County Department of Social Services, so it appears that he is employed there.  Based on the nature of the allegations against the other Defendants, Magistrate Judge Peebles believed, and the Court agrees, that they are private practitioners.  *See* Dkt. No 1 at 3; Dkt. No. 1-1 at 4-6; Dkt. No. 1-2 at 4-5.

children should be in foster care" and that her children were "unlawfully taken." *Id.* at 5. Plaintiff further alleges that Defendants acted unlawfully in the custody proceedings by making false allegations and discriminating against her. *See id.* Plaintiff seeks three million dollars in damages and to have Defendants disbarred. *See id.* at 6.

Finally, Plaintiff filed a complaint under the ADA. *See* Dkt. No. 1-2. Plaintiff claims that she suffers from PTSD, depression, migraines, arthritis, and that she is recovering from brain surgery. *See id.* at 3. Plaintiff alleges that Defendant Detter "name called very animated, made false statements . . . and tried to make taking [her] kids the main attraction." *Id.* With respect to Defendant Bradshaw, Plaintiff claims that " she used threats and stood up for my kids being in foster care." *Id.* at 4. There is no mention of Defendants Blitman or Cook in this complaint. *See* Dkt. No. 1-2. Plaintiff also seeks three million dollars in damages in her ADA complaint. *See id.* at 5.

### III. DISCUSSION

**A.     Standard of Review**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See*

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, "'[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law.'" *Massie v. Ikon Office Solutions, Inc.*, 381 F. Supp. 2d 91, 94 (N.D.N.Y. 2005) (quoting *Clarke v. Bank of New York*, 687 F. Supp. 863, 871 (S.D.N.Y. 1988)).

**B.    Report, Recommendation and Order**

With respect to Plaintiff's Section 1983 claim, Magistrate Judge Peebles recommended that the claim be dismissed with prejudice. *See* Dkt. No. 8 at 9-12. Specifically, Magistrate

4

Judge Peebles concluded that the three Defendants who are private practitioners did not act under color of state law, and therefore, could not be liable under Section 1983. *See id.* at 10. Magistrate Judge Peebles further found that even if Defendant Detter acted under color of state law (since it appears that he is employed by the Onondaga County Department of Social Services), he is entitled to prosecutorial immunity. *See id.* at 10-11. Magistrate Judge Peebles also concluded that all of Plaintiff's Section 1983 claims are separately barred by the *Rooker-Feldman* doctrine. *See id.* at 11.

To state a claim under Section 1983, a plaintiff must allege that "(1) the challenged conduct was attributable at least in part to a person or entity acting under color of state law; and (2) such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwarves v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993) (citations omitted). Since acting under color of state law is a requirement under the statute, Magistrate Judge Peebles correctly concluded that Plaintiff has no Section 1983 claim against the Defendants who are private practitioners. *See id.*; Dkt. No. 8 at 10. Moreover, Magistrate Judge Peebles correctly concluded that Plaintiff has no Section 1983 claim against Defendant Detter, even if he acted under color of state law, since he is entitled to prosecutorial immunity. The Second Circuit has held that "an attorney for a county Department of Social Services who 'initiates and prosecutes child protective orders and represents the interests of the Department and the County in Family court' is entitled to absolute immunity." *Cornejo v. Bell*, 592 F.3d 121, 128 (2d Cir. 2010) (quoting *Walden v. Wishengrad*, 745 F.2d 149, 152 (2d Cir. 1984)). As such, Magistrate Judge Peebles correctly concluded that Plaintiff cannot state a claim under Section 1983.

Magistrate Judge Peebles also correctly concluded that Plaintiff's purported Section 1983 claims are barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998) (citation omitted). "Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." *Id.* Here, all of Plaintiff's claims relate to the removal of her children in a prior family court proceeding. *See* Dkt. No. 1. As Magistrate Judge Peebles correctly noted, consideration of the merits of Plaintiff's claims would require the Court to reconsider the state court's decision regarding custody. As such, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine applies when litigants in state court "invit[e] district court review and rejection of [state-court] judgments"). In sum, Plaintiff cannot state a claim pursuant to Section 1983 under any circumstances. As such, Plaintiff's Section 1983 complaint is dismissed with prejudice.

Magistrate Judge Peebles also recommended that Plaintiff's Title VII claims be dismissed with prejudice. *See* Dkt. No. 8 at 12. To state a claim under Title VII, the plaintiff must allege that (1) she is a member of a protected class; (2) she is qualified for a disputed employment position; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination. *See Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004) (citation omitted). As Magistrate Judge Peebles correctly noted, Plaintiff does not allege employment discrimination in her complaint. *See* Dkt. No. 1-1. Moreover, a Title VII action may not be brought against individuals. *Sassaman v. Gamache*, 566

6

F.3d 307 (2d Cir. 2009) ("'individuals are not subject to liability under Title VII'") (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)).  Since all Defendants are individuals, Plaintiff cannot state a claim against them under Title VII.  As such, Plaintiff's purported Title VII claims are dismissed with prejudice.

Magistrate Judge Peebles further recommended that Plaintiff's ADA claims be dismissed with prejudice.  *See* Dkt. No. 8 at 13-14.  The ADA provides for protection against discrimination based on a disability.  *See* 42 U.S.C. § 12101 *et seq.*  Magistrate Judge Peebles noted that the only section of the ADA that could conceivably apply to Plaintiff's claim is Title II, which prohibits discrimination by a public entity based on a disability.  *See id.* § 12182.  Similar to her purported Title VII claims, Plaintiff does not specifically allege any violations under the ADA.  *See* Dkt. No. 1-2.  Instead, she merely states that "they only spoke or mostly spoke on my disabilities." *Id.* at 4.  This is the only allegation relating to Plaintiff's alleged disabilities.  Moreover, "there is no individual liability under Title I or Title II of the ADA."  *Fox v. State University of New York*, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) (citations omitted).  Since Defendants are all individuals, they cannot be held liable under the ADA.  *See id.*  Even if Defendant Detter was being sued in his official capacity as a county employee, "official capacity claims are not viable under the ADA." *Id.*  As such, Plaintiff cannot state a claim pursuant to the ADA under any circumstances, and her ADA complaint is dismissed with prejudice.

As Magistrate Judge Peebles also noted, the Court should generally grant leave to amend a complaint at least once.  However, "such leave is not required when amendment would be futile." *Bridgeforth v. U.S. Navy Recruitment Office*, No. 1:11-CV-431, 2011 WL 5881778, *2 (N.D.N.Y. Nov. 23, 2011) (citing *In re Lehman Bros. Mortgage-Backed Sec. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011)).  Here, Magistrate Judge Peebles correctly concluded that granting leave to amend

would be futile. There is no possible basis for Plaintiff's claims under Title VII or the ADA since Defendants are all individuals. Moreover, Defendants cannot be liable under Section 1983 because three of them are not state actors, and Defendant Detter is entitled to prosecutorial immunity. Furthermore, all of Plaintiff's Section 1983 claims are barred by the *Rooker-Feldman* doctrine. As such, each of Plaintiff's complaints is dismissed with prejudice.

### IV. CONCLUSION

After carefully reviewing the parties' submissions, Magistrate Judge Peebles' July 29, 2016 Report, Recommendation and Order and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' July 29, 2016 Report, Recommendation and Order (Dkt. No. 8) is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaints (Dkt. Nos. 1, 1-1, 1-2) are **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 6, 2016
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge